**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

| | |
|---|---|
| ESTELLE LYNN FINNEY, ) | |
| ) | |
| Plaintiff, ) | No. 03:10-cv-06030-HU |
| ) | |
| vs. ) | |
| ) | |
| CAROLYN W. COLVIN[1], ) | **FINDINGS AND RECOMMENDATION** |
| Commissioner of Social Security, ) | **ON MOTION FOR 406(b) FEES** |
| ) | |
| Defendant. ) | |

Kathryn Tassinari
Brent Wells
Harder Wells Baron & Manning, PC
474 Willamette Street, Suite 200
Eugene, OR 97401

    Attorneys for Plaintiff


S. Amanda Marshall
United States Attorney
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2904


David Morado
Regional Chief Counsel
Seattle, Region X
L. Jamala Edwards
Special Assistant United States Attorney
Office of the General Counsel
Social Security Administration
701 5th Avenue, Suite 2900 M/S 221A
Seattle, WA 98104-7075

    Attorneys for Defendant

---

[1]Carolyn W. Colvin became acting Commissioner of Social Security on February 24, 2013. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), she is automatically substituted for Michael J. Astrue as Defendant in this case.

1 - FINDINGS & RECOMMENDATION

HUBEL, United States Magistrate Judge:

The plaintiff Estelle Lynn Finney brought this action for judicial review of the Commissioner's decision denying her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, and Supplemental Security Income under Title XVI of the Act. In Findings and Recommendation entered July 8, 2011, I recommended that the Commissioner's decision be reversed, and the case be remanded for further proceedings. Dkt. #18. Neither party filed objections, and on August 1, 2011, Judge Malcolm F. Marsh accepted my recommendation and entered judgment for Finney. Dkt. ##20 & 21.

The parties stipulated to a fee payment under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA), in the amount of $4,149.38. On November 14, 2011, Judge Marsh granted the motion, ordering payment to the plaintiff of EAJA fees in the amount of $4,149.38. Dkt. #28.

The matter now is before the court on the plaintiff's unopposed motion for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. #29. Section 406(b) provides that an attorney who represents a successful claimant in a Social Security action may be awarded, as part of the judgment, "'a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits' awarded to the claimant." *Gisbrecht v. Barnhart*, 535 U.S. 789, 795, 122 S. Ct. 1817, 1822, 152 L. Ed. 2d 996 (2002) (quoting 42 U.S.C. § 406(b)(1)(A)). The attorney's fee "is payable 'out of, and not in addition to, the amount of [the] past-due benefits.'" *Id.* An attorney may receive fees under both EAJA and section

2 - FINDINGS & RECOMMENDATION

406(b), but the attorney must refund the amount of the smaller fee to the claimant. *Id.* (citation omitted). This ensures the claimant receives the largest possible award of benefits. *Id.*

The *Gisbrecht* Court observed that contingent fee contracts "are the most common fee arrangement between attorneys and Social Security claimants." *Id.*, 535 U.S. at 800, 122 S. Ct. at 1824 (citation omitted). To prevent an attorney from contracting for an unreasonably large fee, Congress enacted section 406(b) to limit the attorney's fee to 25 percent of the past-due benefits. *Id.*, 535 U.S. at 805, 122 S. Ct. at 1826-27 (discussing the legislative history behind section 406(b)). However, the statute does not mandate that an attorney receive 25 percent of the claimant's past-due benefits. Rather, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*, 535 U.S. at 807, 122 S. Ct. at 1828. Thus, although the district court must look first to the contingent fee agreement between the attorney and the claimant, the court then must test the fee arrangement for reasonableness. *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) (citing *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828).

The amount of the fee may be reduced "based on the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828 (citations omitted). Thus, for example, a reduced fee would be in order "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in

3 - FINDINGS & RECOMMENDATION

comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, *supra*). The attorney ultimately "bears the burden of establishing that the fee sought is reasonable." *Id.*

Routine rubber-stamping of the statutory maximum allowable fee is disfavored in these cases. As the Fourth Circuit Court of Appeals observed over forty years ago,

> [J]udges should constantly remind themselves that, while the lawyer is entitled to a reasonable compensation for the services rendered by him in the judicial proceeding, these benefits are provided for the support and maintenance of the claimant and his [or her] dependents and not for the enrichment of members of the bar. Routine approval of the statutory maximum allowable fee should be avoided in all cases. In a great majority of the cases, perhaps, a reasonable fee will be much less than the statutory maximum. The statute directs a determination and allowance of a reasonable fee and the courts are responsible under the [Social Security] Act for seeing that unreasonably large fees in these Social Security cases are not charged or collected by lawyers.

*Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966)

In the present case, the fee agreement between the plaintiff and her counsel provides for a fee equal to 25 percent of past-due benefits. *See* Dkt. #30-3. Counsels' efforts resulted in an award of "approximately $47,980 in total retroactive benefits, plus monthly benefits of at least $828 until she reaches her full retirement age or is no longer disabled." Dkt. #30, p. 1. Thus, the contracted-for attorney's fee would be $11,995.00 - the amount sought in the present motion. After deduction/refund

4 - FINDINGS & RECOMMENDATION

of the $4,149.38 fee awarded under EAJA, the requested fee would result in an out-of-pocket amount for Finney of $7,845.62.

The time records submitted with the plaintiff's motion indicate that attorney Kathryn Tassinari expended 23.55 hours in this case (17.05 hours in 2010; 6.50 hours in 2011).  An expenditure of 23.55 hours falls within the twenty to forty hour range Judge Michael W. Mosman found to be a "reasonable amount of time to spend on a social security case that does not present particular difficulty."  *Harden v. Comm'r*, 497 F. Supp. 2d 1214, 1215 (D. Or. 2007) (noting "some consensus among the district courts" on this point; citing cases).  Judge Mosman agreed that "[a]bsent unusual circumstances or complexity, . . . this range provides an accurate framework for measuring whether the amount of time counsel spent is reasonable."  *Id.*  In the present case, the administrative record was 381 pages long.  The plaintiff's opening brief was nineteen pages long, and raised four issues requiring analysis of the evidence and applicable law related to the ALJ's evaluation of the evidence.  After review of the Commissioner's ten-page brief, the plaintiff filed a six-page reply.  The attorneys' time records indicate the time expended by counsel in this case was reasonable, and the court so finds.

A fee of $11,995 for 23.55 hours of work would result in an effective hourly rate of $509.34.  Counsel states she "normally works on a contingent basis and thus does not have a normal hourly billing rate."  Dkt. #30, p. 4.  To demonstrate that the requested fee is reasonable, counsel refers to the "Oregon State Bar 2007 Economic Survey," used by judges in this court as a benchmark in determining reasonable hourly rates for attorney

5 - FINDINGS & RECOMMENDATION

fee awards. The survey reports that attorneys practicing in "other areas" of private practice in Portland bill at an average rate of $244.00 per hour. Counsel argues for an upward adjustment of the average hourly rate based on the risk of representing Social Security claimants, and the fact that although "Portland attorneys spend 15% of their time on contingency matters," they "derive 17% of their income from such matters," thereby "mak[ing] up in contingency-enhanced rates for the time they spend on contingency cases they lose (by a factor of 17/15)." Dkt. #3, p. 4. Counsel asserts, without citation to authority, that "[i]n Social Security court cases, there is only a 33.52% chance of winning benefits for the claimant." *Id.* She therefore applies "a contingency multiplier of 2.98 (100/33.52)," for purposes of offsetting the risk of non-payment. *Id.*, p. 5. Applying the contingency multiplier of 2.98, and the contingency loss factor of 17/15, to the $244 hourly rate, counsel arrives at an hourly rate of $824.07. She argues this rate is "averaged across all cases in which § 406(b) fees are awarded, which would properly compensate Plaintiff's attorney for the risk of non-payment due to contingency, and put her on equal footing with the average attorney in the Portland area who takes contingency cases." *Id.*

In considering identical arguments made by attorneys seeking section 406(b) fees in previous cases, the undersigned has noted that this type of analysis does little to assist the court in determining the reasonableness of the contracted-for fee equal to 25% of the claimant's past-due benefits. This analysis is based on a lodestar approach, which was "flatly rejected" by the

6 - FINDINGS & RECOMMENDATION

Supreme Court in *Gisbrecht*. *See Crawford*, 586 F.3d at 1148. The *Crawford* court explained that under *Gisbrecht*, the court's duty to assure the reasonableness of the fee "must begin . . . with the fee agreement, and the question is whether the amount need be reduced, not whether the lodestar amount should be enhanced." *Id.*, 586 F.3d at 1149. The court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.*, 586 F.3d at 1151 (emphasis in original; citing *Gisbrecht,* 505 U.S. at 808, 122 S. Ct. at 1828). Factors to be considered in reducing a fee include "substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* Importantly, however, this is not a definitive list of factors the court may consider. For example, the *Crawford* court directed district courts to "look at the complexity and risk involved in the specific case at issue to determine how much risk the [attorney] assumed in taking the case." *Crawford*, 586 F.3d at 1153.

In the present case, counsel's representation of the claimant was not substandard. She reviewed the administrative record and the Commissioner's arguments thoroughly, and prepared twenty-five pages of briefing that ultimately carried the day. The court finds no reduction of the fee is warranted based on counsel's representation. The court also finds counsel did not engage in dilatory conduct in order to increase the accrued amount of past-due benefits, so no downward adjustment is required on that basis. *See Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828.

7 - FINDINGS & RECOMMENDATION

The court next considers whether "the benefits are large in comparison to the amount of time the attorney spent on the case." *Id*. The 23.55 hours of work performed by Finney's counsel resulted in an award of $47,980 in retroactive benefits, plus ongoing monthly benefits until Finney reaches retirement age or no longer is disabled. Counsel will not receive a percentage of Finney's future benefits that also result from counsel's representation. The court finds the amount of benefits awarded to Finney was not "'large in comparison to the amount of time counsel spent on the case,'" and no "'downward adjustment is . . . in order.'" *Province v. Comm'r*, slip op., 2013 WL 3045568, at *2 (D. Or. June 17, 2013) (Marsh, J.) (quoting *Gisbrecht*, 535 U.S. at 808, 122 S. Ct. at 1828).

Finally, the court considers the complexity of the case, and counsel's risk of non-payment. The issues counsel raised on Finney's behalf were fairly routine in Social Security cases. However, the ALJ's errors identified by the court were subtle, rather than glaring, and the outcome of the case was far from assured. In addition, as Judge Marsh observed in *Province*, "it takes an experienced practitioner and a close examination of the relevant documents and records to effectively identify any insufficiencies in the administrative record." *Id.* Further, a significant lapse of time often occurs between counsel's acceptance of the case and the receipt of payment. The present case was filed more than three years ago, in February 2010. It could be several more months before counsel receives payment of any fees awarded pursuant to the current motion. In taking the case, counsel assumed the significant "risk that no benefits

8 - FINDINGS & RECOMMENDATION

would be awarded or that there would be a long court or administrative delay in resolving the case[]." *Crawford*, 586 F.3d at 1152. The court finds no reduction of the requested fee is warranted based on the risk and complexity of the case.

In summary, after considering all of the relevant factors, the court finds Finney's counsel has demonstrated that a 25% fee is reasonable in this case. The Commissioner agrees, offering no opposition to counsel's motion.

### *CONCLUSION*

For the reasons set forth above, I recommend the plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b) (Dkt. #29) be granted, and a fee of $11,995 be awarded, with the sum of $4,149.38, representing EAJA fees already awarded in this case, to be refunded to the plaintiff.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **October 7, 2013.** If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then any response is due by **October 24,**

9 - FINDINGS & RECOMMENDATION

**2013.** By the earlier of the response due date or the date a response is filed, the Findings and Recommendations will go under advisement.

IT IS SO ORDERED.

Dated this 17th day of September, 2013.

/s/ Dennis J. Hubel
_____
Dennis James Hubel
Unites States Magistrate Judge

10 - FINDINGS & RECOMMENDATION